UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KENNETH J. KELLEHER,

                       Plaintiff,        **ORDER**

      - v -

                                        CV-06-2702 (FB)(VVP)

CITY OF NEW YORK,

                       Defendant.
-------------------------------------------------------------------x

       By letter dated December 26, 2006, the plaintiff has addressed several discovery disputes to the court's attention, to which the defendant has responded by letter dated January 8, 2007.

       As to the inspection of the vessel, the defendant has identified a number of days when it is available, and the plaintiff should advise the defendant promptly as to the date he wishes to conduct the inspection.

       As to the disputed interrogatories and document requests, the court has examined the requests and the responses, and makes the following rulings:

       *Interrogatory 11*: the defendant's objection is sustained in part. This is a contention interrogatory, to which responses are not typically required until the close of discovery. *See generally Protex Intern. Corp. v. Vanguard Products Group, Inc.*, No. CV 05-5355, 2006 WL 3827423, at *2 (E.D.N.Y. Dec. 27, 2006); *In re Priceline.com Inc. Securities Litigation*, 233 F.R.D. 83, 87 (D. Conn. 2005); Fed. R. Civ. P. 33(c). If there is uncertainty about the theory of the defendant's contributory negligence defense at the close of discovery, the plaintiff may seek leave to serve this interrogatory at that time.

       *Interrogatory 12*: the defendant's response, which refers to its response to interrogatory 9, makes no sense. To the extent that the interrogatory requests a description of the accident, that is an appropriate for eyewitness testimony at a deposition rather than in answer to an interrogatory, and need not be provided. The defendant shall, however, provide the identities of all persons known to have been present at the accident within 20 days.

       *Interrogatory 14*: the plaintiff is entitled to the information requested and the defendant has a duty to make reasonable inquiry in order to respond. Accordingly, a response shall be served within 20 days.

*Interrogatory 15*: although the defendant states that it maintains its objection to this interrogatory, in its response the defendant agreed to produce the information sought under separate cover.  The plaintiff is entitled to the information and it shall be provided within 20 days.  The objection to production of documents in response to the interrogatory is overruled.

*Document Requests 2* and 4: the defendant's objections on the basis of overbreadth are sustained, without prejudice to service of narrower requests tailored to the subject matter at issue.

*Document Request* 5: the defendant's objection on the basis of overbreadth is sustained.  The plaintiff may seek the date of purchase and the identity and address of the vendor by service of an interrogatory.

*Document Requests* 13 and 14: the defendant's objections on the basis of lack of relevance are sustained as the court fails to see the relevance of the requested information to the plaintiff's claims in this negligence case.  The plaintiff may submit a supplemental letter in an effort to convince the court otherwise, after discussing the matter further with opposing counsel.

                                                **SO ORDERED:**

                                                *Viktor V. Pohorelsky*
                                                VIKTOR V. POHORELSKY
                                                United States Magistrate Judge

Dated:   Brooklyn, New York
            January 10, 2007